MAYOR, ETC., OF CITY OF COLUMBUS v. DENNISON et al.

(Circuit Court of Appeals, Fifth Circuit. April 23, 1895.)

No. 342.

1. MUNICIPAL BONDS IN AID OF RAILWAYS—SUBSCRIPTION AND DONATION—RATIFICATION BY LEGISLATURE.

A town was authorized by act of legislature to subscribe to aid the construction of a railroad, and to issue bonds for the amount, but there was no provision for the exchange of bonds for stock, and stock was not mentioned in the act. The bonds were in fact voted as a donation, and the vote was by the constitutional two-thirds required in cases of donation, which fact was recited in the bonds themselves. Subsequently, by an act amending the railroad charter, so as to authorize a consolidation with an-

other company, it was provided that "the donation" of bonds thus agreed to be made should be paid over to the consolidated company; and by another act, amending the city charter, the city was authorized to levy and collect a special tax for interest and sinking fund to pay the bonds, and interest was accordingly paid for 11 years. *Held*, that this was a ratification of the bonds, both by the legislature and the city.

2. SAME—AUTHORITY TO CHANGE ROUTE—CONSOLIDATION OF RAILROAD.
   After a city had voted a donation of bonds, an act was passed authorizing the railroad company to consolidate with another company, and directing the bonds to be delivered to the new company. In an action on the bonds thus delivered it was contended that the consolidation act authorized a change of route, which would leave the city off the line of the road; but it appeared that the road was actually built through the city, according to the condition of the subscription. *Held*, that the giving of an option to change the route did not affect the validity of the bonds, and that they were properly delivered to the consolidated company.

3. SAME—COMPLIANCE WITH CONDITIONS—RECITALS—BONA FIDE PURCHASERS.
   Where municipal bonds are issued, with proper recitals, showing compliance with the conditions upon which the subscription was made, the city is estopped, as against bona fide purchasers, from alleging that its authorities acted wrongfully in issuing the bonds.

   Toulmin, District Judge, dissenting.

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Mississippi.

This was a suit by John M. Dennison, J. G. Wilson, and Frank T. Redwood against the mayor and city council of Columbus, Miss., to recover upon interest coupons of certain bonds issued by defendant city to the Columbus, Fayette & Decatur Railroad Company. A demurrer to the declaration was overruled by the circuit court, and upon a trial a verdict was returned in favor of plaintiffs, and judgment was entered accordingly. From this judgment the defendant brings error. In overruling the demurrer to the declaration, the following opinion was delivered in the circuit court by Niles, District Judge:

This is a suit on overdue coupons for interest on bonds issued by the defendant to the Columbus, Fayette & Decatur Railroad Company, and delivered to the Georgia Pacific Railway Company, into which the first company and several others were consolidated. The main points relied on as defenses are that the bonds were voted as a donation, when the act under which they were voted only authorized a subscription to the capital stock; and that the consolidated company was authorized to build a different railroad from that originally chartered. The act approved February 1, 1872 (see Acts 1872, p. 297) gave the city authorities power to subscribe to aid in the construction of the Columbus, Fayette & Decatur Railroad Company, and to issue its bonds to the amount of said subscription. No provision is anywhere made for an exchange of bonds for stock, and stock is nowhere mentioned in the act. The act ratifying the consolidation (Acts 1882, p. 836, § 2) provides that "the donation of $100,000.00 in its bonds heretofore agreed to be made by the town of Columbus, to the Columbus, Fayette & Decatur Railroad Company, but which have not yet been paid over, be and are hereby declared to be payable to the said Georgia Pacific Railway Company." This is a legislative construction, at least, that a donation was authorized, which in such cases is entitled to great respect, and will frequently amount to a legislative ratification. Pompton Tp. v. Cooper Union, etc., 101 U. S. 196. In 1884 an act was passed amending the charter of the city of Columbus, in which it was authorized to levy and collect a special tax to pay the interest on these bonds, and to provide a sinking fund for the ultimate redemption of the principal. The declaration shows that the interest has been paid for eleven years,—since 1882. Here is a ratification by the legislature in authorizing the bonds to be issued as a donation, and taxation

to pay them; a ratification by the city authorities, in issuing them as a donation, and levying the taxes; and a ratification by the people in the continued payment of the taxes. It is difficult to conceive a stronger case of ratification, if that were necessary. The bonds were voted as a donation by the constitutional majority of two-thirds of the qualified voters, as recited in the face of the bonds themselves, and, this only barrier against legislative power being removed, the legislature clearly had the right to ratify. Supervisors v. Brogden, 112 U. S. 261, 5 Sup. Ct. 125; Katzenberger v. Aberdeen, 121 U. S. 178, 7 Sup. Ct. 947.

It is next objected that by the consolidation a different road was authorized to be built, and that the consolidated company had authority to leave Columbus off its line entirely, and to build by way of Aberdeen. It is not alleged that the consolidated company was deprived of the right to build the road for which the bonds were voted, or that it actually did build by way of Aberdeen. The rule is that, if bonds are voted to a railroad company, which at that time is authorized to consolidate with other railroads, then the bonds may properly be delivered to the consolidated company. This principle is announced, and the authorities reviewed, in Livingston Co. v. First Nat. Bank of Portsmouth, 128 U. S. 102, 9 Sup. Ct. 18. There was a general act for the creation of railroads passed by the legislature of Alabama on December 29, 1868. See Acts Ala. 1868, p. 462. By the twenty-first section of this act railroad companies were authorized to consolidate on certain conditions. By the twenty-third section all the property and choses in action of each constituent company were transferred to the consolidated company. By the Mississippi act this Columbus, Fayette & Decatur Railroad Company, which was incorporated under this general act for Alabama, was granted "all the privileges, rights, and immunities" conferred by the Alabama act. See Acts Miss. 1871, pp. 187, 188. Hence the companies were authorized to consolidate, and the bonds, or right to the bonds, which is a chose in action, was transferred to the consolidated company, unless this right was cut off by the allegation that the consolidated company had an option to build a different road by way of Aberdeen. The answer to this is that the city authorities were only required to issue the bonds "when the terms of subscription are complied with." See Acts Miss. 1872, p. 298. On their faces the bonds are payable to the Columbus, Fayette & Decatur Railroad Company. They were authorized to be delivered to the Georgia Pacific Railway Company, the consolidated company, under the same limitations and restrictions that they were or would have become payable to the Columbus, Fayette & Decatur Railroad Company. See Acts Miss. 1882, p. 836. The city authorities of Columbus, Miss., were the tribunal to determine when these conditions were complied with, and issue and deliver the bonds. They did issue and deliver the bonds with proper recitals, and they are now estopped, as against innocent purchasers, from alleging that they acted wrongfully. Block v. Commissioners, 99 U. S. 686; Commissioners v. January, 94 U. S. 202; Commissioners v. Clark, Id. 278; Brooklyn v. Insurance Co., 99 U. S. 362; Moran v. Commissioners, 2 Black, 722. For these reasons I think the demurrer to the declaration should be overruled, and the demurrers to the special pleas (from the third to the fifteenth, inclusive) should be sustained, and judgments can be entered accordingly.

James M. Arnold, George A. Evans, and Wm. Baldwin, for plaintiff in error.

F. A. Critz and R. C. Beckett, for defendants in error.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

PER CURIAM. The majority being satisfied with the reasons for judgment given in the opinion of the trial judge, and the court finding no reversible error in the proceedings, the judgment of the circuit court is affirmed.

TOULMIN, District Judge, dissents.